## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **BERT D. MONTGOMERY,** | § | |
| **Reg. No. 00388-005,** | § | |
| **Petitioner,** | § | |
| | § | **EP-15-CV-373-PRM** |
| **v.** | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Bert D. Montgomery's *pro se* "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (ECF No. 1)[1] [hereinafter "Petition"], filed on December 10, 2015, in the above-captioned cause. In his pleading, Petitioner, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[2] challenges his convictions in the United States District Court for the District of the Northern Mariana Islands

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for docketed documents in various cases. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas, El Paso Division. 28 U.S.C. § 124(d)(3) (2012).

for fraud-related offenses.[3] Petitioner alleges that his counsel provided constitutionally ineffective assistance, the prosecutor engaged in misconduct, and the district court erred when it imposed an aggregate term of 240 months' imprisonment.  Pet. 18.  Petitioner also asserts that the Court should vacate his honest-services wire fraud and money laundering convictions based on the Supreme Court's decisions in *Skilling v. United States*, 561 U.S. 358 (2010), and *United States v. Santos*, 553 U.S. 507 (2008), respectively.  *Id.* at 39, 43.  After reviewing the record, and for the reasons discussed below, the Court will *sua sponte* dismiss the petition, pursuant to 28 U.S.C. § 2243.[4]

---

[3] Congress established the United States District Court for the Northern Mariana Islands in 1977.  *See* 48 U.S.C. § 1821.  The District Court for the District of the Northern Mariana Islands has the same jurisdiction to hear federal cases as other United States District Courts. Appeals are taken to the United States Court of Appeals for the Ninth Circuit.  *See id.*

[4] 28 U.S.C. § 2243 (2012) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

2

## I.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner participated in "a complex fraud scheme" in the Northern Mariana Islands, a United States Commonwealth located in the northwest Pacific Ocean. *United States v. Montgomery*, 462 F.3d 1067, 1068 (9th Cir. 2006). Petitioner and a business partner endeavored to purchase a controlling interest in the Bank of Saipan. *Id.* To accomplish this objective, Petitioner and his business partner promised "lucrative benefits and kickbacks" to the Bank of Saipan's chairman. *Id.* Subsequently, the three then attempted—via fraudulent means—to purchase Bank of Saipan stock. *Id.* "[Petitioner's] fraud resulted in a loss of over five million dollars to the Bank of Saipan. As a result of the fraud, the Bank of Saipan was temporarily closed and was placed in receivership, a scandal that was highly publicized in Saipan." *Id.*

Subsequently, the Government brought charges against Petitioner alleging, *inter alia*, that he committed wire fraud. *See* Superseding Indictment, *United States v. Montgomery*, 1:02-cr-00010 (D. N. Mar. I. Aug. 14, 2002), ECF No. 43. At trial, the Government presented twelve witnesses, generated nearly 5,000 pages of recorded testimony, and

introduced 170 exhibits.  *See* Appellate Br. 3, *United States v. Montgomery*, No. 05-10587, (9th Cir. Feb. 7, 2006), 2006 WL 2951535. A jury convicted Petitioner of:  "three counts of wire fraud and conspiracy to commit wire fraud; one count of deprivation of honest services; and four counts of money laundering."  *United States v. Montgomery*, 462 F.3d 1067, 1068 (9th Cir. 2006).  The District Court for the District of the Northern Mariana Islands ("NMI District Court") sentenced Petitioner to an aggregate term of 240 months' imprisonment and ordered him to pay restitution, jointly and severally with his co-defendants, to the Bank of Saipan in the amount of $5,273,643.70.  *See* Appellate Br. 15.

Petitioner appealed his sentence to the Ninth Circuit Court of Appeals.  *See United States v. Montgomery*, 143 F. App'x 757, 759 (9th Cir. 2005).  The Ninth Circuit remanded the case to the NMI District Court for the limited purpose of determining "whether the sentence imposed would have been materially different had the [NMI District Court] known that the sentencing guidelines were advisory."  *Id.* at 760. On remand, the NMI District Court reaffirmed Petitioner's original sentence, noting that "[t]he cold, calculating nature of the crime and the

4

financial losses and inconvenience caused to so many victims warranted the sentence imposed."  Order After Limited Remand Den. Resentencing 2, *United States v. Montgomery*, 1:02-cr-00010 (D. N. Mar. I. Aug. 29, 2005), ECF No. 323.

Petitioner appealed a second time, but this time argued that the NMI District Court erred by making its resentencing decision without first requesting and reviewing counsel's briefing.  Notice of Appeal, *United States v. Montgomery*, 1:02-cr-00010 (D. N. Mar. I. Sept. 8, 2005), ECF No. 325.  The Ninth Circuit remanded again, directing the NMI District Court to request and review counsel's briefing before making a resentencing decision.  *United States v. Montgomery,* 462 F.3d 1067, 1072 (9th Cir. 2006).  Subsequently, the NMI District Court reaffirmed the original sentence, explaining that the "sentence will . . . send a strong message to other potential confidence men that the citizens and residents of the Commonwealth will be protected from predators of their kind."  Order Den. Mot. of Def. Montgomery to be Re-Sentenced 5, *United States v. Montgomery*, 1:02-cr-00010 (D. N. Mar. I. Jan. 5, 2007), ECF No. 342.

Petitioner then appealed, for a third time, challenging the reasonableness of his 240-month sentence. Notice of Appeal, *United States v. Montgomery*, 1:02-cr-00010 (D. N. Mar. I. Jan. 19, 2007), ECF No. 343. The Ninth Circuit rejected Petitioner's arguments and affirmed his sentence. *United States v. Montgomery*, 275 F. App'x 647, 648 (9th Cir. 2008).

In 2009, Petitioner timely moved the NMI District Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Mot. Vacate, *Montgomery v. United States*, 1:09-CV-00016 (D. N. Mar. I. May 14, 2009), ECF No. 2 [hereinafter "First § 2255 Motion"]. In his First § 2255 Motion, Petitioner alleged that his trial counsel provided ineffective assistance when counsel refused to remove himself as his attorney, failed to testify on Petitioner's behalf, and did not investigate the case. *Id.* at 4. Petitioner further asserted that the prosecutor engaged in misconduct by presenting a cooperating co-defendant's perjured testimony and failing to disclose evidence from non-testifying witnesses. *Id.* Finally, Petitioner maintained that the NMI District Court erred when it made "enhancements" to his sentence. *Id.* at 5. Petitioner supported his First § 2255 Motion with a thirty-one-

6

page memorandum and four exhibits. *See* Pet. Mem. of Law in Support of 2255 Mot. for Evidentiary Hr'g, *Montgomery v. United States*, 1:09-CV-00016 (D. N. Mar. I. May 14, 2009), ECF No. 3.

The NMI District Court denied Petitioner's First § 2255 Motion because Petitioner "failed to meet his burden of showing that there was any conflict of interest, let alone how the purported conflict adversely affected his counsel's performance." Order Den. First 28 U.S.C. § 2255 Mot. and Den. Certificate of Appealability 4, *Montgomery v. United States*, 1:09-CV-00016 (D. N. Mar. I. May 29, 2009), ECF No. 4. Further, it declared that "[n]owhere does [Petitioner] state how or why these purported failures [to investigate] by trial counsel demonstrate that counsel was ineffective." *Id.* at 5. The NMI District Court noted that "[the co-defendant] had an extensive history as a fabulist and this fact was . . . made known to the jury during trial. Nevertheless, the jury found his testimony credible." *Id.* at 6. The NMI District Court also explained that "[t]he evidence allegedly 'withheld' by the prosecutor derived from the . . . post-conviction civil trial in [a] Texas state court." *Id.*

Finally, the NMI District Court pointed out that

7

> [t]he Ninth Circuit deemed 'meritless' [Petitioner's] claim
> that the court should not have given a two-level sentence
> enhancement for obstruction of justice for willfully giving
> false, material evidence. It also concluded that the three-
> level enhancement for [Petitioner's] leadership role did not
> result in an 'extremely disproportionate effect' on his
> sentence.

*Id.* at 8. Thus, the NMI District Court denied the § 2255 motion after

concluding that Petitioner had failed to make "a substantial showing of

the denial of a constitutional right," and declined to issue a certificate of

appealability. *Id.* at 8.

Over the next two years, Petitioner filed a series of motions to

reopen the case at the district and appellate court levels, which

challenged his convictions and sentence, including an order of

restitution. None of his motions were successful. *See* Order Den. Rule

60(b)(6) Mot. for Relief 2 n.1, *Montgomery v. United States*, 1:09-CV-

00016 (D. N. Mar. I. Sept. 5, 2012), ECF No. 31.

In 2011, Petitioner filed a motion for relief from the judgment

pursuant to Federal Rule of Civil Procedure 60(b)(6) in the NMI District

Court. *See* Mot. for Relief, *Montgomery v. United States*, 1:09-CV-00016

(D. N. Mar. I. Sept. 13, 2011), ECF No. 29. While the Rule 60(b)(6)

motion was pending, Petitioner applied in the Ninth Circuit for leave to

file a second or successive § 2255 motion. *See* Appl. For Leave to File a Second or Successive Mot., *Montgomery v. United States*, No. 11-72827 (9th Cir. Sept. 26, 2011), Dkt. Entry 1. In his application, Petitioner asserted that the Ninth Circuit should vacate his honest services and money laundering convictions based on the Supreme Court's decision in *Skilling* and *Santos*. *Id.* at 5—6. The Ninth Circuit denied the application, explaining that Petitioner had not met the requirements for a second or successive motion:

> Petitioner has not made a prima facie showing under 28 U.S.C. § 2255 of:
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> No petition for rehearing or motion for reconsideration shall be filed or entertained in this case. *See* 28 U.S.C. § 2244(b)(3)(E).

Order 1, *Montgomery v. United States*, No. 11-72827 (9th Cir. Nov. 14, 2011, Dkt. Entry 4. The NMI District Court also denied Petitioner's Rule 60(b) motion. *See* Order Den. Rule 60(b)(6).

Petitioner then filed two petitions for the writ of audita querela. *See* Pet. for Writ of Audita Querela, *United States v. Montgomery*, 1:02-CR-00010 (D. N. Mar. I. Dec. 2. 2011), ECF Nos. 372 [hereinafter "First Writ of Audita Querela"], 374 [hereinafter "Second Writ of Audita Querela"]. In his First Writ of Audita Querela, Petitioner asked the NMI District Court to re-examine its order requiring him to pay approximately $5.3 million in restitution in light of a new rule of constitutional law as set forth in *Skilling*, 561 U.S. 358. In his Second Writ of Audita Querela, Petitioner asked the NMI District Court to revisit his conviction for money laundering in light of a new constitutional rule set forth in *Santos*, 553 U.S. 507. The NMI District Court denied both petitions. Order Den. Def.'s Pets. For Writ of Audita Querela, *United States v. Montgomery*, 1:02-CR-00010 (D. N. Mar. I. Apr. 24, 2012), ECF No. 376. The NMI District Court treated the petitions as if Petitioner had brought them under § 2255, and found them time-barred:

> The relief that [Petitioner] seeks from his
> sentence and convictions is contemplated under
> 28 U.S.C. § 2255. It appears, however, that he is
> time-barred from bringing a new § 2255 motion.
> *Skilling* was decided on June 24, 2010, more than
> a year before the First Petition was filed. *Santos*
> was decided on June 2, 2008, more than a year
> before filing of the Second Petition. [Petitioner]
> may not circumvent the congressionally
> mandated limitations on post-conviction relief via
> a writ of audita querela.

*Id.* at 3–4. The NMI District Court did not address a certificate of appealability. *See id.*

After Petitioner appealed, the Ninth Circuit remanded Petitioner's appeal to the NMI District Court for the limited purpose of granting or denying a certificate of appealability. Order, *United States v. Montgomery*, 1:02-CR-00010 (D. N. Mar. I. Aug. 13, 2012), ECF No. 380. On remand, the NMI District Court declined to issue a certificate. *See* Order Den. Rule 60(b)(6) Mot. for Relief, *United States v. Montgomery*, 1:02-CR-00010 (D. N. Mar. I. Sept. 5, 2012), ECF No. 381. Thereafter, the Ninth Circuit also denied Petitioner a certificate of appealability. Order, *United States v. Montgomery*, 1:02-CR-00010 (D. N. Mar. I. Apr. 9, 2013), ECF No. 385.

Petioner then filed the instant § 2241 Petition.  Pet. 1.  Mindful of Petitioner's *pro se* status,[5] the Court understands him to raise nine issues in his instant Petition:

(1) He asserts that "irreconcilable conflicts of interest" existed with his trial counsel.  Pet. 18.  He explains that his trial counsel's "failure to withdraw and offer direct testimony that [Petitioner] was innocent . . . . constituted an actual conflict of interest." *Id.* at 27.

(2) He claims that his appellate counsel also represented the law firm for the key prosecution witness and "could not give his best to [Petitioner]" because it would have jeopardized his income. *Id.* at 20—21.

(3) He contends that his trial counsel "failed to conduct investigative interviews of 'Persons of Interest' at the request of [Petitioner]." *Id.* at 35.  Petitioner maintains he specifically ordered his trial counsel "to interview Michael Bradley, owner and president of United Forex." *Id.*  According to Petitioner, "Bradley would have hurt the prosecution [and] the jury would have seen that [Petitioner] was an honest businessman." *Id.*

(4) He insists that his appellate counsel "refused to follow [Petitioner's]action letter to raise new case law . . . found in *United States v. Santos ...*" *Id.* at 39.  He adds "[b]ecause a retroactively applicable **SUPREME COURT** case establishes that [P]etitioner was convicted of a **non-existent offense**,

---

[5] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a pro se pleading to encompass any allegation which may raise a claim for federal relief).

PETITIONER'S **Ground for review satisfies the CRITERIA for RELIEF UNDER § 2241**." *Id.* at 41–42.

(5) He argues that "[t]he Court should vacate the count of [d]eprivation of honest services, based on **Skilling v. US** . . . ." *Id.* at 43.  He explains "that by retroactively applying ... the honest services fraud doctrine in Skilling, [Petitioner's] conviction as to those counts are no longer valid." *Id.*

(6) He maintains that "ALL SENTENCE ENHANCEMENTS WERE ERROR . . . ." *Id.* at 48.

(7) He contends that the "**Restitution dollar amounts are wrong**!!" *Id.*

(8) Finally, he argues that the Government's "Brady violation 'unfairly skewed' the case." *Id.* at 55.

## II.   LEGAL STANDARD

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).  To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c) (2012).  A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

"A petitioner can attack the validity of his conviction and sentence in a § 2241 petition only if he can meet the requirements of the 'savings clause' of § 2255(e)." *Wilson v. Roy*, 643 F.3d 433, 434—35 (5th Cir. 2011). This savings clause provides that a court may entertain a petition for writ of habeas corpus, challenging a federal criminal conviction, if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a prisoner's detention:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). In the Fifth Circuit, a petitioner must satisfy a two-pronged test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a § 2241 petition:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and

14

> (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Notably, a petitioner must prove both prongs to successfully invoke the "savings clause." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). Thus, § 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

Finally, a § 2241 petition is subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under § 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition).

With these principles in mind, the Court turns to Petitioner's claims.

## III.  ANALYSIS

In his Petition, Petitioner challenges his convictions for one count of conspiracy to commit wire fraud, two counts of wire fraud, one count of wire fraud (deprivation of honest services), one count of conspiracy to launder money, and three counts of money laundering.  Pet. 8.  As discussed above, a petitioner may proceed with an attack on the validity of a conviction and sentence in a § 2241 petition only if he can meet the stringent requirements of the "savings clause" in 28 U.S.C. § 2255(e). *Kinder*, 222 F.3d at 212.  The Court will accordingly examine if (1) Petitioner's claims are based on retroactively applicable Supreme Court decisions, which establishes that Petitioner may have been convicted of a nonexistent offense, and (2) circuit law precluded Petitioner's claim at the time it should have been raised in his trial, appeal, or § 2255 motion.  *See Reyes–Requena*, 243 F.3d at 904.

### A.    First, Second, Third, Sixth, Seventh, and Eighth Claims

In his first, second, third, sixth, seventh, and eighth grounds for relief, Petitioner does not assert claims based on retroactively applicable Supreme Court decisions that establish he may have been convicted of a nonexistent offense.  Indeed, Petitioner previously raised,

and the district and appellate courts rejected, these claims in prior proceedings. *See e.g.*, Order Den. Rule 60(b)(6) Mot. for Relief 2 n.1.

Petitioner must prove both prongs to successfully invoke the § 2255's savings clause, but has failed to satisfy the first prong. *See Padilla*, 416 F.3d at 426. Because Petitioner has not met the stringent requirements of the savings clause—and simply reiterates previously denied claims—the Court will dismiss these claims.

## B. Fourth Claim Based on the United States Supreme Court's Decision in *Santos*

In his fourth ground for relief, Petitioner insists that his appellate counsel "refused to follow his action letter to raise new case law . . . found in United States v. Santos . . . " Pet. 39. He adds "[b]ecause a retroactively applicable **SUPREME COURT** case establishes that [P]etitioner was convicted of a **non-existent offense**, **PETITIONER'S Ground for review satisfies the CRITERIA for RELIEF UNDER § 2241 . . . .**" *Id.* at 41–42.

In *Santos*, the Supreme Court considered whether the term "proceeds" in the federal money laundering statute, 18 U.S.C. § 1956(a)(1), meant "profits" or "receipts." *Santos*, 553 U.S. at 509. In a 4–1–4 decision, the plurality held that the term was ambiguous and,

applying the rule of lenity, held that "proceeds" meant "profits" and not total "receipts." *Id.* at 511–12. The plurality concluded, therefore, that "a criminal who enters into a transaction paying the expenses of his illegal activity cannot possibly violate the money-laundering statute, because by definition profits consist of what remains after expenses are paid." *Id.* at 517.[6]

The Fifth Circuit has held that the holding in *Santos* applies retroactively, and that a dispute over the term "proceeds" in the money-laundering statute may be sufficient to establish that a habeas petitioner might have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 397 (5th Cir. 2010).

Still, Petitioner maintained, in an application for leave to file a second or successive § 2255 motion in the Ninth Circuit, that the "money laundering conviction should be vacated" based on the Supreme

---

[6] Consequently, Congress directly addressed the *Santos* issue in 2009 when it amended the statutory framework of § 1956. The Fraud Enforcement and Recovery Act ("FERA") defined "proceeds" as "any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including gross receipts of such activity." 18 U.S.C. § 1956(c)(9). This is the broader definition endorsed by the dissent and rejected by the plurality in *Santos*. It effectively overrules *Santos* prospectively. *Wooten v. Cauley*, 677 F.3d 303, n.1 (6th Cir. 2012) (citing *United States v. Moreland*, 622 F.3d 1147, 1163 n.4 (9th Cir. 2010)).

Court's decision in *Santos*. *See* Appl. For Leave to File a Second or Successive Mot. 5–6, *Montgomery v. United States*, No. 11-72827 (9th Cir. Sept. 26, 2011), Dkt. Entry 1. The Ninth Circuit denied the application, explaining that Petitioner had not met the requirements for a second or successive motion. Order 1, *Montgomery v. United States*, No. 11-72827 (9th Cir. Nov. 14, 2011, Dkt. Entry 4. Specifically, the appellate court said that Petitioner had not relied on "*a new rule of constitutional law*, made retroactive to cases on collateral review by the Supreme Court, *that was previously unavailable.*" *See id.* (emphasis added).

Therefore, the Court agrees with Ninth Circuit that Petitioner's request is time-barred. To be sure, the Supreme Court decided *Santos* on June 2, 2008. Thus, Petitioner could have raised the new rule of constitutional law in his First § 2255 Motion—which he filed on May 14, 2009—nearly a year after *Santos*. *See* First § 2255 Mot. Accordingly, Petitioner cannot show circuit law precluded his claim at the time he filed his first § 2255 motion. *See Reyes–Requena*, 243 F.3d at 904. Hence, Petitioner has not met his burden of showing that the § 2255 remedy was inadequate or ineffective.

C.  **Fifth Claim Based on the United States Supreme Court's Decision in *Skilling***

In his fifth ground for relief, Montgomery argues that "[t]he Court should vacate the count of [d]eprivation of honest services, based on **Skilling v. US** . . . ." Pet. 43.  He explains that "by retroactively applying . . . the honest services fraud doctrine in Skilling, [Petitioner's] conviction as to those counts are no longer valid." *Id.*

In *Skilling*, the Court held that the honest services provision in 18 U.S.C. § 1346 applied only to "bribes and kickbacks.  Reading the statute to proscribe a wider range of offensive conduct . . . would raise the due process concerns underlying the vagueness doctrine." *Skilling*, 561 U.S. at 408.

"Although the Supreme Court did not speak to retroactivity in *Skilling*, . . . several courts have determined that it is indeed retroactively applicable." *See United States v. Jennings*, No. CIV. 11-150 RHK, 2011 WL 3609298, at *2 (D. Minn. Aug. 15, 2011) *aff'd*, 696 F.3d 759 (8th Cir. 2012) (citing *United States v. Scruggs,* No. 3:07CR192–B–A, 2011 WL 1832769, at *3 (N.D. Miss. May 13, 2011); *DeGuzman v. United States,* Civ. A. No. SA–10–CA–951, 2011 WL 777934, at *2 (W.D. Tex. Feb. 25, 2011); *Rodrigues v. United States,*

Civ. No. 10–406–DAE, 2011 WL 529158, at *8 (D. Haw. Jan. 31, 2011); *but see United States v. Crawley,* Civ. No. H–09–3457, 2010 WL 4393970, at *10 n.7 (S.D. Tex. Oct. 29, 2010)). Still, "such rules are retroactive only if the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *United States v. Olvera,* 775 F.3d 726, 730 (5th Cir. 2015) (citation and alterations omitted). Although the Court is hesitant to characterize the *Skilling* opinion a "watershed" exception, Petitioner nevertheless failed to timely bring his Petition. *See id.*

A petitioner must bring a collateral attack based on a new constitutional rule within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Here, the relief that Petitioner seeks from his sentence and convictions is contemplated under 28 U.S.C. § 2255. Petitioner is time-barred from bringing a new § 2255 motion. *Skilling* was decided on June 24, 2010, more than a year before Petitioner filed the instant Petition. Petitioner may not circumvent the congressionally mandated

limitations on post-conviction relief. "[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does *not* make § 2255 inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (emphasis in original). Therefore, Petitioner has failed to meet the requirements of § 2255's savings clause.

## IV. CONCLUSION

Accordingly, the Court finds that Petitioner's challenges to his fraud-related convictions do not meet the "savings clause" test, and he is not entitled to § 2241 relief. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Petitioner Bert D. Montgomery's *pro se* "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall

**CLOSE** this case.

**SIGNED** this _____ //_____ day of February, 2016.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE